

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER GEIER,

    Petitioner,

        v.

MICHAEL MARTEL, Warden of
California State Prison at San
Quentin,

    Respondent.

CASE NO. CV 10-4676 R

**DEATH PENALTY CASE**

PROTECTIVE ORDER

[Docket No. 57]

    Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Court enters the following Protective Order:

    1.    To the extent that the Court will order the production of documents and discovery in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney work product doctrine, and to the extent that the Court will order Petitioner's trial counsel's file, including the files of other defense team members, to be produced to the Respondent (or Petitioner turns over such documents voluntarily by filing any part of the material as supporting evidence in this action), such materials disclosing attorney-client communications or work product shall be subject to this Protective Order and shall remain confidential and, if filed with the Court, sealed.  Further, to the extent that

1   the Court will order the taking of the depositions of trial counsel, other members
2   of the defense team, Petitioner, if such deposition is granted, and Petitioner's
3   experts, such testimony disclosing attorney-client communications or work
4   product shall be subject to this Protective Order and shall remain confidential and,
5   if filed with the Court, sealed. The appropriateness of any measures to prevent the
6   disclosure of the contents of materials subject to this Protective Order in
7   connection with presenting evidence at any evidentiary hearing in this case will be
8   separately addressed by the Court in connection with conducting any such hearing.

9       2.    All privileged documents and testimony produced to Respondent in
10   this action may be used only for purposes of litigating this habeas corpus
11   proceeding by: a) Petitioner and the members of the legal team, i.e., lawyers,
12   paralegals, investigators, and support staff, assigned to *Geier v. Cullen* by the
13   Office of the Federal Public Defender and Lynne Coffin, and persons retained by
14   Petitioner's counsel to litigate this matter, including, but not limited to, outside
15   investigators, consultants and expert witnesses; and (b) Respondent and the
16   members of the legal team, i.e., lawyers, paralegals, investigators, and support
17   staff, assigned to *Geier v. Cullen* by the California Department of Justice, Attorney
18   General's Office, and persons retained by Respondent's counsel to litigate this
19   matter, including, but not limited to, outside investigators, consultants and expert
20   witnesses. This Protective Order extends to members of the legal teams and all
21   persons retained by the parties to litigate this matter. All such individuals shall be
22   provided with a copy of this Protective Order.

23       3.    Except for disclosure to the persons and agencies described in
24   Paragraph 2, disclosure of the contents of the documents and testimony and the
25   documents and testimony themselves shall not be made to any other persons or
26   agencies, including, but not limited to, prosecutorial agencies and law enforcement
27   personnel, without the Court's order. If Respondent contends that he needs to
28   disclose Petitioner's privileged material to outside prosecutorial agencies, outside

law enforcement personnel, experts, consultants, deponents, or witnesses in order to investigate or respond to Petitioner's habeas claims, Respondent shall provide to Petitioner's counsel (a) the identity of the individual[s] to whom access is going to be provided, and (b) Respondent's reasons therefor.  Petitioner shall notify Respondent within three court days of his non-opposition or objection to Respondent's proposal.  If Petitioner objects to Respondent's proposal, and if the parties cannot resolve their differences within three additional court days, Petitioner shall provide his written objection to Respondent within three further court days.  Respondent shall file and serve a document containing Petitioner's objections and Respondent's responses within three additional court days.  The Court shall rule on Petitioner's objections before the privileged materials are disclosed.  Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by the terms of this Protective Order.

4.     Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

5.     All documents and testimony designated as privileged by Petitioner that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record.  Any pleading, deposition transcript, discovery response or request, or other papers served on opposing counsel or filed or lodged with the Court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

//

//

3

TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

6.     If privileged documents or documents containing privileged matters are filed with the Court, they shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7.     Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition in this case, do not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

8.     This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

9.     Petitioner's unredacted Petition for Writ of Habeas Corpus shall be filed under seal.

4

10. Unredacted versions of Exhibits 117, 124, 126, 144, 147, 149, 150, 152, 195, and 211 shall be filed under seal.

IT IS SO ORDERED.

Dated: _August 24_, 2011.

_____
MANUEL L. REAL
United States District Judge